B. L. ROACH, alias DICK ROACH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

146 So. 240.

Division A.

Opinion filed February 6, 1933.

*Roach & Hoyle,* for Plaintiff in Error;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for the State.

DAVIS, C. J.—Roach, the plaintiff in error, was tried and found guilty of the offense of armed robbery (hi-jacking of a load of liquor), and sentenced therefor to life imprisonment. His defense was not guilty because of insanity. The testimony on that issue was in sharp conflict. Motion for new trial was made and denied. Exception to that ruling was taken and the case is now before us on writ of error.

The fifth ground of the motion for a new trial is that the ·Court erred in permitting the Assistant Prosecuting Attor-

ney in his closing argument to the jury to state that the defendant, B. L. Roach, within the last year, had been arrested and tried five or six times for various crimes, and had not heretofore filed and pleaded as a defense to any of said charges the defense of insanity.

If, as a matter of fact, the Assistant County Solicitor made the statement as alleged, there was no evidence at the trial to support such a statement. Nor would such supporting evidence have been proper had it been tendered, inasmuch as it would have been a clear violation of the evidentiary rule which prohibits proof of things that are considered *"res inter alios acts."* Under the circumstances, a statement of the character attributed to the prosecuting officer, would amount in practical effect to the offering of independent testimony on his part, though in the form of ·an argument. Evidence so offered would be of a character contrary to law, as well as highly prejudicial to the defendant. Had defendant promptly objected, and moved for a mistrial because of the harm done before an objection could have been earlier made, the motion should have been granted, since the nature of the harm done by highly prejudicial remarks of the kind complained of is not such as can be readily obviated in any other way than by declaring a mistrial if defendant insists on it.

In criminal cases, the prosecuting attorney occupies a semi-judicial position. He is a sworn officer of the State with no greater duty imposed on him than to preserve intact all the great sanctions and traditions of the law. It matters not how guilty a defendant in his opinion may be, it is his duty under oath to see that no conviction takes place except in strict conformity to law. His private consideration should be above that of a mere attorney of record for the State, struggling for a conviction. The law should be enforced, but not in an unlawful manner or by

unlawful means. Akin v. State, 86 Fla. 564, 98 Sou. Rep. 609; Washington v. State, 86 Fla. 533, 98 Sou. Rec. 604; Clinton v. State, 53 Fla. 98, 43 Sou. Rep. 312; Bradham v. State, 41 Fla. 541, 26 Sou. Rep. 730.

In this case the alleged happening complained of does not appear to have been noticed or objected to at the time it occurred. No certification or statement of the trial judge or of the prosecuting attorney is found in the record either to affirm or to negative the proofs of the defendant offered in the form of affidavits to support the motion for a new trial. Nor does the trial judge make any reference in the bill of exceptions concerning the nature of the happening charged, in explanation of it, or tending to show that any objection was made to him at the time seeking to cure by instructions or otherwise the error that was committed when the remarks complained of were made.

Under the circumstances, a majority of the Court are of the opinion that the judgment should be affirmed.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.