ARCHIE FOY v. STATE.

155 So. 657.

Opinion Filed June 11, 1934.

*John B. Singletary* and *Frank Redd,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Archie Foy while on trial for the felony of statutory burglary became a witness in his own behalf. While on the stand the Court permitted (over appropriate objections by counsel for defendant) the State Attorney to interrogate the defendant as follows:

"And you know at this time you are under indictment with respect to both of these breakings and enterings?"

The court also permitted over objection of defendant's counsel, the State Attorney to ask of defendant's witness, Clyde Whitted:

"Did you know that the Grand Jury at the present term of court had returned an indictment against you and Archie Foy?" (the defendant), and kindred questions of like import, concerning other cases.

It is well settled that the prosecution in a criminal case cannot call witnesses to impeach the character of the defendant unless the defendant puts it in issue. Mann v. State, 22 Fla. 600. Nor can the prosecution accomplish the same forbidden end by indirection through pursuing a method of questioning defendant and his witnesses on cross examination that is principally designed, by means of innuendo and suggestions of general criminality on accused's part, to lead the jury to believe that the accused should be found guilty of the particular crime charged, because of his being suspected or accused of other offenses, or because of his connections or associations with other accused persons under indictment for different crimes not constituting a part of the charge on trial.

The record in this case demonstrates such abuse by the State Attorney at the trial below of his right of cross examination of the defendant and his witness concerning irrelevant matters, that the injury done defendant can only be corrected by a new trial which, in the opinion of a majority of the Court, should be now awarded.

Reversed for new trial.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., concurs specially.

BROWN, J. (concurring). — The Attorney General contends that these questions adverted to in the above opinion were proper under Wallace v. State, 41 Fla. 547, 26 So. 713, and Squires v. State, 42 Fla. 251, 27 So. 864, but a reading of these cases convinces me that they do not apply here. I concur in the conclusion that the objections to these questions should have been sustained, and that, for these and other reasons going to the sufficiency of the evidence, which I deem it unnecessary to discuss, the judgment should be reversed and the plaintiff in error granted a new trial.