ANN YOUNG v. STATE.

194 So. 617
Division A
Opinion Filed December 8, 1939

*Lester W. Jennings* and *Edwin C. Coffee,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Thomas J. Ellis,* Assistant Attorney General, for Defendant in Error.

THOMAS, J.—It is urged in this appeal that the prosecutor in presenting his argument to the jury, overstepped the bounds of propriety established by former decisions of this Court on the subject.

The source of some of his remarks, which we will discuss later in the opinion, was an innocuous question asked the witness for the State of Florida about the statement of the defendant at the time of arrest with reference to her place of residence. Objection was made to the introduction of this testimony and, despite the resistance on the part of the defendant, the witness was allowed to quote her as stating that she lived at 743 Houston Street. This testimony would be harmless were it not for the interpretation placed on it by the solicitor in his remarks to the jury, Houston Street being, according to the argument presented in this Court, the notorious "red light" district of the city of Jacksonville. The basis of other statements was testimony that

defendant had immediately preceding the fatal collision partaken of some beer.

The information charged the defendant with having caused the death of another person by reason of her culpable negligence in handling, operating and driving an automobile on a public highway in Duval County. There was no information against her for operating the car while intoxicated.

In his argument to the jury, the prosecuting officer used this language, and indulged in other remarks equally inflammatory:

"And that's the reason, and that's mine, that the good honest people of this county should not sit down in solitude, in inaction, and let these whores and drunkards get out here and slay our women and children, and walk out of the door and say 'It is all a mistake.' "

By many decisions of this Court, beginning in the year 1886 and reported as late as the year 1937, the doctrine has been established beyond question that a defendant's character may not be assailed by the State in a criminal prosecution unless good character of the accused has first been introduced. There was no attempt on the part of the defendant in this case to establish a good reputation. The State, therefore, was not given the liberty of making any attack such as is reflected in the argument of the county solicitor. The only foundation for his utterances about defendant's character was the testimony which on its face seemed innocent but which because the residence of the defendant was situated within a particular district of the city of Jacksonville became damaging. It cannot be disputed that the residence of a defendant is entirely proper testimony, but the State should not under the guise of establishing residence, be allowed to thwart the purpose of these decisions which we will cite because that residence

is in a questionable area or suggests a shady occupation. Mann v. State, 22 Fla. 600; Jordan v. State, 107 Fla. 333; 144 South. Rep. 669; Fay v. State, 111 Fla. 245, 155 South. Rep. 657. (Latter cases followed in memorandum opinion in Chastain v. State, 131 Fla. 251, 174 South. Rep. 910.)

The next proposition is that reference was made not only to harlots but to drunkards.

It is fundamental that a defendant should be acquainted with the charge he must face. Constitution, Declaration of Rights, Sec. 11; Mann v. State, *supra;* Thomas v. State, 74 Fla. 200, 76 South. Rep. 780; Clark v. State, 59 Fla. 9, 52 South. Rep. 518.

In this State, one who unlawfully causes death while driving an automobile may be prosecuted under a statute charging culpable negligence (Sec. 7141, C. G. L. 1927) or under one denouncing as a crime the causing of death by the driver of an automobile while he is intoxicated (Sec. 7749, C. G. L., 1927).

The attorney who conducted the prosecution in this case could have filed an information under both of these statutes, but this he did not do. He elected to accuse the defendant of effecting the death by culpable negligence and did not choose to prosecute the defendant for bringing about death by using an automobile while intoxicated. Certainly he could not charge the defendant under one statute and prosecute her under another.

It is true that in the case of Cannon v. State, 91 Fla. 214, 107 South. Rep. 360, and later in Graives v. State, 127 Fla. 182, 172 South. Rep. 716, we held that in a prosecution for manslaughter by reason of culpable negligence testimony was admissible to show that the defendant was under the influence of intoxicating liquor on the theory that one in

such condition would be more inclined to recklessness and daring.

In the instant case there was evidence that the plaintiff in error had drunk beer in moderate quantities and, of course, the solicitor was justified in discussing before the jury the effect of this indulgence on her actions at the time of the alleged crime. However, this was not just cause for him to brand her as a drunkard. There was no testimony that her conduct warranted such a designation nor was there testimony from which that could be fairly deduced.

Under the information in this case it was incumbent upon the State to prove beyond a reasonable doubt that the defendant was guilty of causing death by culpable negligence and the only purpose to be served in introducing testimony of indulgence in alcoholic liquors was to show that her recklessness, carelessness or negligence was accentuated because of the influence of the beverage. This did not warrant remarks to the jury that she was in fact at the time of the collision a drunkard.

There is one other principle of law to which we think attention in this case should be directed, namely: that there is serious responsibility on the part of the prosecutor not only to faithfully represent the State but to see that justice is done. His duty is twofold, and it cannot be said that he represents a great State only and should remain oblivious to the legal rights of the defendant. This principle has been thoroughly discussed in Roach v. State, 108 Fla. 222, 146 South. Rep. 240, where the following was announced:

"In criminal cases, the prosecuting attorney occupies a semi-judicial position. He is a sworn officer of the State with no greater duty imposed on him than to preserve intact all the great sanctions and traditions of the law. It

matters not how guilty a defendant in his opinion may be, it is his duty under oath to see that no conviction takes place except in strict conformity to law. His private consideration should be above that of a mere attorney of record for the State, struggling for a conviction. The law should be enforced, but not in an unlawful manner or by unlawful means."

Our conclusions are: (1) That the residence of a defendant may be given but not used as a basis for an attack on his character when his abode is shown to be located in some particular area or community which of itself reflects discredit, defendant not having first introduced evidence of his good character; (2) that a defendant may not be prosecuted for manslaughter through culpable negligence and an appeal made to the jury for a conviction because of drunkenness; and (3) though a prosecutor should be commended for his zeal in representing the State, his enthusiasm should not lead him beyond the bounds of his responsibility to see that justice is done and that the defendant is fairly treated.

Because of the improper argument made to the jury in behalf of the prosecution, the judgment is—

Reversed.

TERRELL, C. J., and BUFORD, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.