BOYER, Judge.
The sole point raised on this appeal related to the propriety of certain questions propounded by the State to one of the defendant’s alibi witnesses.
Early on a July morning a man was shot and killed in front of a cafe on Ashly Street in Jacksonville. -Appellant was charged with that killing. In August the State filed a “Demand for Notice of Intention to Claim Alibi”. The defendant (appellant here) responded by filing in September a “Notice of Alibi” in which he stated that “Notice is hereby given that the defendant may claim the defense of alibi at the trial in the above styled cause.” (Emphasis added)
At the trial, which commenced on October 8, 1973, the State produced several witnesses who positively identified the defendant as the killer. One of the defense witnesses even testified that the defendant looked “like the guy” that he had seen kill the decedent.
The defendant then called an alibi witness who testified unequivocally that at the time of the shooting the defendant was with him (the witness) at a local club. The record reveals that the following exchange took place during cross examination of that witness:
“A. I seen him out there, out to Deuce and Quarter, which we have different routes we go around to, we don’t go in the same place every night.
“Q. Now, my question is, this is three months after that or a couple of days or ten days short of three months—
“MR. ADAMS: Your Honor, I object to this. I think the man testified as to his recollection about that particular evening and just as all of these other witnesses have testified as to their recollection and why he recalls it and I think Mr. Shorstein is — I don’t know, I think trying to get the background of what brought him into this courtroom or *74 something like that. He’s testified about the date and the time and he has said how he knows what time it was and who he’s talking about, and I think is sufficient.
“THE COURT: The objection is overruled. You may proceed.
“MR. SHORSTEIN: Thank you, Your Honor.
“Q. Now, we are talking about some ten days three months ago, and you are recalling today that you are absolutely certain of this period of time, starting at 2:15 until 2:20. Now, why, again, I don’t understand how you can be that certain of that period of time and I want you to explain it to me.
“A. Well, I time myself from the time I leave one place to another.
“Q. And you can recall two and a half or two and two thirds months back that one particular night?
“A. Yes, sir, I can.”
* * * * * *
“Q. Did you ever come to the State Attorney or Police and explain to them that you could account for the defendant’s whereabouts during the time of the murder he’s been charged with?
“A. Repeat that again?
“Q. I say have you ever come to the State Attorney or any law enforcement officer since that night and told them that you could account for his whereabouts during the time of the murder?
“MR. ADAMS: Your Honor. I object to this because Mr. Shorstein knows perfectly well that in this proceeding that he requested a demand for notice of alibi and we gave this man’s name to him and he had the right to talk with and take his deposition, and I think this is misleading.
“THE COURT: I don’t think there is anything wrong with the question. I will permit the question.
“Q. Do you understand the question?
“A. Yes, sir, I do.
"Q. Well, why didn’t you tell the Police or the State Attorney?
“A. Because at the time, about a day after I believe when I was in jail myself
“Q. I am not asking anything that happened to you.
“A. Well — ”
The defendant now urges that the trial court erred in allowing the State to question the defense witness regarding his failure to contact any law enforcement agency with his information pertaining to defendant’s alibi. The real thrust of the defendant’s argument, in his brief, is that the purpose of the questions objected to was to elicit from the witness that he had been incarcerated; thereby, so appellant urges, impuning his credibility in the eyes of the jury. We find, however, that appellant’s position is not well founded. The witness could have easily responded to the State’s questions without revealing that he had been in jail. He was not asked whether he had been in jail nor was he asked as to his own whereabouts during the intervening period. As soon as the witness volunteered that he had been in jail the State’s Attorney responded with the admonition “I am not asking anything that happened to you.”
We observed too, as above noted, that the defendant had never, prior to trial, unequivocally stated that he would rely upon this witness for his alibi defense. In his “Notice of Alibi” he had merely stated that he “may” claim the defense of alibi. He had also stated in that notice that he “may” call the witness the cross examination of which is now questioned, as a witness. Under such circumstances we cannot say that the trial court erred in denying the defendant’s objections to the questions above quoted. We also observe that apparently the defendant’s attorney did not feel *75 that the volunteered statement by the witness was of such damaging or discrediting nature as to give rise to a motion to strike same.
We find that the questions-now objected to were not such as those condemned in Stewart v. State, Fla.App. (3rd) 1969, 221 So.2d 155 nor in Foy v. State, 1934, 115 Fla. 245, 155 So. 657. The judgment and sentence appealed are therefore
Affirmed.
RAWLS, C. J., and McCORD, J., concur.