354 So.2d 98 (1978)
Leonard BENEBY, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2220.
District Court of Appeal of Florida, Fourth District.
January 4, 1978.
Rehearing Denied February 14, 1978.
*99 Richard L. Jorandby, Public Defender, and Frank B. Kessler, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
Appellant was convicted of possession of heroin after a jury trial in which it was revealed he and another were preparing to shoot-up when the police appeared. At trial a policeman was asked by the prosecutor the purpose for his having been in the area at the time of the arrest. He answered, "Well, there had been several narcotic arrests made in that area; and the bar at 22nd and Sims has quite a reputation for narcotics in that area. That was the reason we went up there in that alley." Appellant objected as he did when the prosecutor on opening statement said the area in which Appellant was arrested was "an area that is known to be inhabited by drug users." Defense counsel on both occasions moved for a mistrial. The Motions were denied and we must decide whether the place the Appellant was arrested was relevant or material to the issue of the guilt of the accused and; if not, was the error in admitting the testimony and allowing the prosecutorial statements so harmful as to warrant a new trial.
In Young v. State, 141 Fla. 529, 195 So. 569 (1939), our Supreme Court alludes to the duty of the prosecutor in trying a criminal case. In that case, as in probably hundreds of others, we are reminded the prosecutor has a serious responsibility "not only to faithfully represent the state but to see that justice is done. His duty is twofold, and it cannot be said that he represents a great State only and should remain oblivious to the legal rights of the defendant." Young then refers to Roach v. State, 108 Fla. 222, 146 So. 240 (1933). That bears reading, as well. We add that our society depends upon the protection of the individual by the government in order to preserve the very government in which all of us are the individuals. We add further there is absolutely no evidence the prosecutor here wilfully tried to mislead the jury.
The Appellant urges that it is irrelevant where he was when he possessed the heroin and immaterial to the issue of his guilt. We agree.[1]Young, supra. He also contends he did not put his reputation or character in issue therefore the State had no business bringing it up. We agree. Roti v. State, 334 So.2d 146 (Fla.2d DCA 1976).
The State counters with the quite incredible argument that the Williams Rule applies. Williams v. State, 110 So.2d 654 (Fla. 1959). We have reread Williams to confirm that case has to do with past similar crimes committed by the Defendant which were introduced to show identity, intent or an established plan, scheme or design. If similar fact evidence is to be deemed admissible it must be relevant to a fact in issue. The facts in issue in this case are the possession of heroin and the identity of the drug as heroin. The fact that the policeman knew the scene as being within a reputed narcotics area doesn't tend to prove anything in issue and could only serve to unduly prejudice the jury. This case surely does not fall within the Williams Rule and we suggest the only reason the evidence was submitted by the State was to show bad character or propensity  just what Williams forbids.
The evidence of the guilt of the Defendant is clear but the entire transcript is red-lighted by the improprieties mentioned. Therefore we must add our emphasis by reversing for a new trial.
REVERSED and REMANDED.
CROSS and ANSTEAD, JJ., concur.
NOTES
[1] All that is necessary is venue, Broward County, unless an alibi or statement of particulars is involved and then only location  not the characterization of the location.