356 So.2d 1327 (1978)
Terry L. BUCKHANN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1676.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
Alan H. Schreiber, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
ALDERMAN, Chief Judge.
The defendant appeals after having been convicted of possession of heroin. Four points have been raised, three of which have merit.
Firstly, we hold that the trial court erred in denying defendant's motion to suppress his confession. A hearing out of the presence of the jury was held on the day of trial. The only witness to testify at the suppression hearing was Sergeant McCann of the Broward County Sheriff's office. His testimony in its entirety is set out below:
Q. (By the trial court) State your name for me, please.
A. Phillip G. McCann.
Q. What is your occupation?
A. Deputy Sheriff, Broward County.
Q. Did you have an occasion to arrest Terry Lee Buckhann on the 17th of March of this year?
A. Yes, sir, I did.

*1328 Q. Tell me about it.
A. We went to the apartment building located at 2550 N.W. 8th Street, Fort Lauderdale. It is an unincorporated area.
As we drove up, myself and Deputy Thomas, in an unmarked car in the west portion of the building, as we were exiting the vehicle, we observed the defendant coming down from the second story outside staircase onto the sidewalk area.
As we were exiting the vehicle, I observed a tinfoil packet fall from the hand of the defendant.
Deputy Thomas was directed to detain the subject. I retrieved the tinfoil packet. The packet contained a light brown powder substance that I suspected to be heroin.
I then placed the subject under arrest.
Q. Then what did you do?
A. Advised him of his rights and transported him to the Sheriff's Department for booking procedure.
Q. Did you have any conversation with him?
A. Yes, sir, I did. I had conversation with him at the place of arrest, a short period, and went into further detail at my office, the Sheriff's Department.
Q. Was that before or after you advised him of his rights?
A. It was after, sir.
Q. What was the extent of the conversation?
A. I was attempting to find out where he had purchased the heroin. The defendant indicated he purchased it from one of the upstairs apartments at the building complex and that he purchased heroin for his cousin, who lives in Pompano.
Based solely upon this testimony the trial court found "that the statement (made by defendant) was freely and voluntarily made after being advised of his rights as per Miranda." Over the defendant's objection, the court subsequently permitted Sergeant McCann's testimony concerning the defendant's statement to be considered by the jury.
The testimony quoted above is not sufficient to support the trial court's conclusion. Sergeant McCann said that he advised the defendant of his rights. What rights? Sergeant McCann said nothing about advising the defendant of his rights per Miranda. Also there is nothing in the transcript of the suppression hearing about the circumstances under which the defendant's statement was made other than the fact that Sergeant McCann had a conversation with the defendant at the place of arrest and another conversation in further detail at the Sheriff's office. The testimony is insufficient to support the trial court's finding that the defendant's statement was freely and voluntarily made.
Secondly, the defendant contends that the trial court erred in allowing the prosecutor, over defendant's objections, to make the following remarks to the jury during his closing argument:
Let us set one thing straight right now. Phil McCann is not on trial here today. Terry Lee Buckhann (Defendant) is on trial and he has come into Court and said that he is not guilty of the charges; but don't you think for one second that the State of Florida does not believe that Terry Lee Buckhann is guilty, or we would not be here. Don't you think for one second that the State of Florida does not believe Sgt. Phil McCann, a fourteen-year veteran with the Broward Sheriff's Office.

The State of Florida believes him and that is why we are here and I ask you to believe him, because it is a one on one situation. (Emphasis supplied.)
Such argument was improper and should not have been allowed. Reed v. State, 333 So.2d 524 (Fla.1st DCA 1976); Thompson v. State, 318 So.2d 549 (Fla. 4th DCA 1975); Price v. State, 267 So.2d 39 (Fla. 4th DCA 1972).
Finally we hold that the trial court committed reversible error in allowing the prosecutor, over defendant's objection, to elicit the following testimony from Sergeant McCann:

*1329 Q. All right, how many narcotics related arrests have you made in this particular neighborhood (where the defendant was arrested) since you have been in that outfit (the Broward County Sheriff's Office)?
.....
A. (By Sgt. McCann) This whole neighborhood, or just this complex?
Q. (By the prosecutor) That particular complex (where the defendant was arrested).
A. I would say a couple hundred just near this complex.
Such testimony was not relevant and could only serve to prejudice the jury against the defendant. Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978).
REVERSED and REMANDED for a new trial.
CROSS, J., and DURANT, N. JOSEPH, Jr., Associate Judge, concur.