431 So.2d 732 (1983)
David HARGROVE, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1703.
District Court of Appeal of Florida, Fourth District.
May 25, 1983.
C. Edward McGee, Jr., of Gillespie, McCormick, McFall, Gilbert & McGee, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sharon Lee Stedman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm the conviction and sentence. For the guidance of counsel in subsequent cases, however, we briefly consider appellant's second point on appeal.
Testimony was introduced that appellant, when asked about certain drugs, responded, in effect: "I don't mess with the stuff."
The following colloquy from the trial is excerpted from appellant's brief. The prosecutor is engaged in direct examination of the undercover agent responsible for appellant's arrest on charges of delivering cocaine.
Q. Did you ever hear the phrase prior to your investigation of Mr. Hargrove `I don't mess with the stuff?' How many times have you heard that phrase, if any, during the course of narcotics deals?
A. Many times.
Defense Counsel: Objection, irrelevant and immaterial.
Court: Overruled.
Q. How many times?
A. I have heard it many a time.
Q. Who uses it?
A. Drug Dealers.
Q. By `I don't use the stuff', what does that mean?
(Defense counsel renews his objection to this line of questioning and moves to strike. The trial court overrules the objection and denies the motion; whereupon the prosecutor continues:)

*733 Q. What does that mean to you, Deputy Cacciatore, based on your experience and background as a law enforcement officer in the area of narcotics?
A. Well, from my experience, it means the individual that is dealing drugs tries to throw suspicion off himself and show that, more or less, he is a little man.
The implications to be drawn from the exchange are obvious. They are equally irrelevant. In this case we find error but conclude, on balance, that it was harmless. In another case an otherwise appropriate conviction might well be fatally prejudiced by a line of questioning of this nature. This is not the first time that similar testimony has been condemned. See, e.g., Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla. 1978) (location known to be inhabited by drug dealers); Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978) (number of arrests made in complex where the defendant was arrested); Kellum v. State, 104 So.2d 99 (Fla. 3d DCA 1958) (similar crimes of larceny were committed by other police officers); and Baffuto v. State, 187 So.2d 79 (Fla. 3d DCA 1966) (heroin marks on defendant's arms irrelevant to charge of forgery of a prescription).
The duty to prosecute does not transcend the duty to be fair. We assume the conduct complained of resulted from an honest error of judgment rather than from any sinister influences. Be that as it may, the prosecution's motive is immaterial in the face of reversible error. Having thus pointed out the problem we assume that such lines of inquiry will be carefully avoided in the future.
AFFIRMED.
ANSTEAD, HERSEY and HURLEY, JJ., concur.