500 So.2d 349 (1987)
Willie HUFFMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0070.
District Court of Appeal of Florida, Fourth District.
January 7, 1987.
Richard L. Jorandby, Public Defender, and Cindy E. D'Agostino, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
*350 PER CURIAM.
We affirm. Appellant's motions for mistrial were properly denied. While reference by a state witness to the fact that a defendant was arrested in a high crime area has been held to be reversible error, Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla. 1978); Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978), we distinguish from that the reference by a state witness here, where appellant was arrested on a Greyhound bus, to the fact that Fort Lauderdale police officers have arrested many people using buses to transport drugs north. Common sense tells the juror that drugs travel north by car, bus, boat or plane, and that innocent people as well as drug couriers use those modes of transportation. Further, the defense objection was sustained in both instances where the state witness made such references, and a curative instruction was given. Appellant's only defense was that he didn't know how the cocaine got in his bag. The evidence of guilt was overwhelming and even if error was committed, it was harmless.
AFFIRMED.
HERSEY, C.J., and DELL and GUNTHER, JJ., concur.