547 So.2d 719 (1989)
Travis GILLION, Appellant,
v.
STATE of Florida, Appellee.
No. 87-3150.
District Court of Appeal of Florida, Fourth District.
August 16, 1989.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant claims that a new trial and/or a mistrial should have been granted because of prejudicial testimony from a police witness in describing the geographical area in which the defendant was arrested for the sale of cocaine. We affirm.
We cannot but agree that there are several decisions out of this court holding that negative remarks about a geographical location are prejudicial and reversible. For example, in Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla. 1978), a police officer testified that the area was known to be inhabited by drug users. We reversed and concluded that the reputation of the area "could only serve to unduly prejudice the jury." Id. at 99. Most recently in Black v. State, 545 So.2d 498 (Fla. 4th DCA 1989), we held it *720 reversible error to allude to a garage where appellant was arrested as a "crack" house or a "base" house where "no normal people lived."[1]
Based on decisions such as the above, we believe the public defender was eminently correct in raising the same issue in the instant case. However, the remarks here elicited are more amorphous and we do not believe they rise to the level of reversible error:
PROSECUTOR: On that evening, what did you observe in that area?
MINTUS [a police officer]: Well, I drove through the area and I observed several individuals. I observed cocaine, street cocaine transactions take place.
MR. RICHSTONE (defense counsel): Objection, I would like to make a motion for the court now.
Appellant also moved for mistrial on the basis that the nature of the area as a site for narcotics activity was irrelevant to the controverted issues and the admission of that testimony was prejudicial to the appellant. The objection was overruled and the motion was denied.
Subsequently, Officer Mintus made the following remarks:
As I drove down Northwest 5th Avenue, I knew individuals known to me as what we call street narcotic dealers out in the area and in turn, I drove back to a prearranged location meeting with Agent Tenety and advised him that this would be a good time for him to go and make an undercover purchase.
There was no objection to the above-quoted comments.
Mintus further testified:
MINTUS: From that location at that time it was approximately a hundred feet. But I observed an individual cross the street, go over to the exact same location where Agent Tenety was. And I, even though I could not see that individual approach Agent Tenety's car, I had observed that individual when I first made my round, when I went to surveil the area prior to sending Agent Tenety there.
PROSECUTOR: Have you seen that individual before that day?
MINTUS: Several times.
PROSECUTOR: Okay. So you would recognize that individual?
MINTUS: Most definitely.
MR. RICHSTONE (defense counsel): Objection at this time, like to approach the bench.
To merely say that while driving through an area a police officer observed several narcotics transactions taking place and several street narcotics dealers does not appear to us to either finger the defendant as one of the dealers, or necessarily impugn the character of the neighborhood.
We would be frank to admit that we do not believe that the mere identification of a neighborhood as a high-crime area, should constitue reversible error in and of itself, especially in the case sub judice where the defense is claiming mistaken identity. After all, the phrase "high-crime area" might apply to all of South Florida. However, in light of Beneby, and believing the matter one of great public importance, we hereby certify the following question to our supreme court:
DOES THE MERE IDENTIFICATION OF A LOCATION AS A HIGH-CRIME AREA UNDULY PREJUDICE A DEFENDANT WHO IS ARRESTED THERE?
As to the colloquy about the defendant selling cocaine, we believe that defense counsel opened the door for the answer given and no error is demonstrated.
AFFIRMED.
WALDEN, J., concurs.
GUNTHER, J., concurring in result only without opinion.
NOTES
[1] But see: Huffman v. State, 500 So.2d 349 (Fla. 4th DCA 1987).