560 So.2d 1374 (1990)
Albert JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-998.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Albert Jefferson appeals his conviction for sale and possession of cocaine. He was caught in a sting operation in which he sold cocaine to a confidential informant in a monitored operation. He contends the judge erred when he refused to grant a mistrial after the confidential informant, in responding to the State's inquiry as to what his job as a confidential informant entailed, stated:
I am ... I have identified to me various areas where narcotics activities are taking place by different agencies and under controlled conditions, I am injected into these situations where I identify individuals and purchase illegal substances from different people.
Appellant contends that this reference unduly prejudiced him in attacking his character by indicating he was in a "high crime area." He relies on Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978). While it is possible to distinguish Beneby from the case at bar, we agree with the majority opinion in Gillion v. State, 547 So.2d 719 (Fla. 4th DCA 1989) (question certified) that the mere identification of a neighborhood as a high crime area should not be reversible per se. After all, even in a high crime area the great majority of people may well be law abiding citizens. In this case the witness merely explained why he was sent to the particular location  and why he was monitored. This testimony was not sufficiently prejudicial to require a mistrial. See Marek v. State, 492 So.2d 1055 (Fla. 1986).
AFFIRMED.
SHARP, W. and GOSHORN, JJ., concur.