GERSTEN, Judge.
Appellant, Charles Brown, appeals his conviction and sentence for possession of cocaine. We affirm.
Appellant’s sole contention of error is that the prosecutor impliéd that appellant was arrested in a drug commerce area. The crux of this argument is that this implication represents collateral crime evidence under the Florida Evidence Code, section 90.404(2), Florida Statutes (1989) and Williams v. State, 110 So.2d 654 (Fla.), cert, denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
Appellee, the State, asserts that there was no evidence of appellant’s presence in a drug commerce area. Further, that even if there was such inference, appellant made no request for a curative instruction.
The record reflects the following questions and answers on direct examination:
Q. [prosecutor Mary McDonald] As part of your duties as a street narcotics unit, have you ever had an opportunity to be involved in drug transactions, Officer?
A. [witness] Yes. I was undercover for over two years and my job was to purchase narcotics and to make arrests.
Also, I packaged the narcotics and prepared them for different sting operations according to the area and how they packaged narcotics in that particular area, so Fm very familiar with the way it’s packaged.
MR. KAPLAN [defense counsel]: Judge, Fm going to object as to the narrative form of the answer.
THE COURT: Sustain the objection.
Q. [Ms. McDonald] When you package narcotics, how are they packaged?
A. [witness] Well, it depends on the area where they are sold.
MR. KAPLAN: Objection, Judge. Relevance.
THE COURT: Sustain the objection.
Q. [Ms. McDonald] In this particular area, how are they packaged, Officer?
MR. KAPLAN: Objection, Judge. May we go sidebar?
THE COURT: Sustain the objection.
MR. KAPLAN: May I go sidebar?
THE COURT: At a later time. Go ahead, State.
MS. McDONALD: Yes, Your Honor.
Q. [Ms. McDonald] Is the packaging of the evidence — of the cocaine which you recovered consistent with that—
MR. KAPLAN: Objection, Judge.
THE COURT: I’ll let counsel finish the question. Then I’ll rule on your objection.
Q. [Ms. McDonald] Is the packaging of the cocaine that you recovered consistent with that which you have had an opportunity to see being sold in that area?
THE COURT: Sustain the objection.
The appellant moved for a mistrial because the prosecutor inferred that this occurred in a drug commerce area. The trial court denied the motion for mistrial.
There was no direct testimony that appellant was arrested in a drug commerce area, only a possible inference, through the prosecutor’s questions. However, even if this possible inference became testimonial fact, the locale of a defendant’s arrest in a drug commerce area, would not constitute per se reversible error. Jefferson v. State, 560 So.2d 1374 (Fla. 5th DCA 1990).
Appellant’s contention that these questions are a violation of the Florida Evidence *429 Code, section 90.404(2), Florida Statutes, is incorrect. Without testimony these questions become, at best, a prosecutorial commentary, through questioning, of a particular locale, not a Williams rule violation.
These questions, although improper, were properly objected to by defense counsel and sustained by the trial court. Under these facts, the questions neither rise to the level of reversal nor suggest error.
Affirmed.