582 So.2d 814 (1991)
Seabron SHERROD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3462.
District Court of Appeal of Florida, Fourth District.
July 24, 1991.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
*815 Robert A. Butterworth, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Seabron Sherrod appeals the trial court's denial of his motions for mistrial. We reverse.
Sherrod asserts that the trial court erred in denying his motions for mistrial which were based on the repeated improper comments by a prosecution witness and the prosecutor. The improper comments by the prosecution witness, police officer Detter, were that (1) the place of arrest was a high crime, high prostitution area; (2) the place of arrest is a bad area, it is a bad area for drugs; (3) he "hit this area quite often;" and (4) that he proceeded to the alley quickly since often there is a lookout on the corner. The improper comments by the prosecutor occurred during closing argument when he alluded to the criminal character of the neighborhood. According to Sherrod, these improper comments identifying the location of arrest as a high crime area unduly prejudiced him.
In Gillion v. State, 573 So.2d 810 (Fla. 1991), the Supreme Court held that under some circumstances, the mere identification of a location as a high crime area can unduly prejudice a defendant who is arrested there, but it is not always unduly prejudicial. Whether undue prejudice exists depends on the facts of each case. Id.
Under a similar factual situation this court in Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978) held that the trial court reversibly erred in denying appellant's motions for mistrial. The resolution of Beneby was approved by the Florida Supreme Court in Gillion, supra. We conclude, therefore, that the only inference drawn from the witness' testimony and the prosecutor's comments was patently prejudicial to Sherrod. Thus, the trial court abused its discretion in denying Sherrod's motions for mistrial. Accordingly, we reverse and remand for a new trial.
REVERSED AND REMANDED for a new trial.
DELL, GUNTHER and POLEN, JJ., concur.