POLEN, Judge.
Orson Harris appeals from a final judgment and sentence following the jury’s conviction on a charge of delivery of a cocaine rock within a thousand feet of a school. He raises two points on appeal. We affirm as we think that any error that occurred was *1264 harmless. We write, however, because of our concern about the possible application of Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert, denied, 359 So.2d 1220 (Fla.1978). Beneby may be construed as raising doubt as to whether the harmless error doctrine is available in a situation, such as the one at bar, where a police officer testifies about the defendant’s presence in an area that is considered a “high” or “hot” drug area.
It is the last sentence of Beneby that causes us some concern. This sentence reads as follows:
The evidence of the guilt of the Defendant is clear but the entire transci'ipt is red-lighted by the improprieties mentioned. Therefore we must add our emphasis by reversing for a new trial.
Id. at 99. However, we do not interpret this sentence to bar a harmless error analysis, in situations where a police officer makes comments regarding a defendant’s presence in a high drug area. First, we should note that Beneby, was decided by this court before State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Nonetheless, the harmless error statute, section 59.041, Florida Statutes (1993), had been in existence in its present form prior to Beneby and provides as follows:
No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.
Thus, it appears that a harmless error analysis was permissible even before the supreme court’s opinion in DiGuilio, and we do not interpret Beneby, as limiting or barring such harmless error analysis. Rather, we follow Justice Barkett’s lead in her special concurrence in Gillion v. State, 573 So.2d 810, 812-13 (Fla.1991), in which she disagreed with the majority and believed that similar to a police officer’s identification of an area as a high drug area, a police officer’s testimony regarding his observations of drug transactions in the area where the defendant was arrested constituted error. However, as we do at bar, she concluded that such error was harmless beyond a reasonable doubt.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.