STONE, J.
We affirm Sheffield’s conviction on charges of delivering and possessing cocaine.
It was not an abuse of discretion to deny Sheffield’s motion for mistrial where the state’s witness, on cross-examination, characterized the location where Sheffield was arrested as a high drug area. The delivery consisted of a sale to an undercover detective, in a Wendy’s parking lot, using marked money.
On cross-examination of the arresting detective, defense counsel inquired about the specifics of the transaction where a co-perpetrator pretended to be talking on a pay telephone while she and the detective waited for Sheffield to arrive with the drugs. Defense counsel inquired:
Q: Is she faking like she’s talking on the phone?
A: She might have done that, because if the police officer saw her, she could give her reason to be standing right there. It wouldn’t look suspicious in any way.
Q: Just you two standing alone by the phone just hanging out, as oppose [sic] to her making a phone call and calling somebody?
*749 A: Correct. The area is known for a lot of drug activities.
Defense counsel immediately objected and moved for mistrial, arguing that the detective’s last response was unreasonable and not responsive. The state conceded that the answer was unresponsive and asked for a curative instruction. The trial court denied the motion for mistrial and gave a curative instruction.
Whether identifying the location as a high crime area is unduly prejudicial must be evaluated on a case-by-case basis. See Gillian v. State, 573 So.2d 810, 812 (Fla.1991).
In Davis v. State, 562 So.2d 443, 444 (Fla. 2d DCA 1990), an officer/witness commented on the reputation of the neighborhood, referring to it as a “drug supermarket.” The court, nevertheless, affirmed the conviction, noting that the statement was isolated and that the prosecutor did not mention the character of the neighborhood or the officer’s testimony at any other time during the course of the trial. Therefore, since the officer’s comment was not a focus of the proceeding, it did not deprive the defendant of a fair trial. Id.
We have considered Wheeler v. State, 690 So.2d 1369 (Fla. 4th DCA 1997), Sherrod v. State, 582 So.2d 814 (Fla. 4th DCA 1991), and Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978), but deem each distinguishable. In Wheeler, the trial court overruled the defendant’s objection to testimony including a lengthy description of the reputation of the location of the arrest and a statement that the detective “had personally bought crack cocaine from the area ... 44 times” so he “knew about where it would be.” Wheeler, 690 So.2d at 1370. Further, the prosecutor in that case referred to the detective’s statements regarding the “known drug area” several times during closing arguments. Id. at 1371. In Sherrod, a witness made a number of improper comments. Sherrod, 582 So.2d at 814. There, the witness stated that the defendant was arrested in a high crime area, that officers “hit this area quite often,” and that the location was a “bad area for drugs.” Id. at 815. Further, during closing arguments, the prosecutor referred to the testimony of the officer and the criminal reputation of the neighborhood. Id. In Beneby, a testifying officer stated that he had chosen to work in the area where the defendant was arrested because “there had been several narcotic arrests made in the area” and that the location had a “reputation for narcotics.... ” Beneby, 354 So.2d at 99. There, during closing arguments, the prosecutor stated that the area was “known to be inhabited by drug users.” Id. In Beneby, despite the testimony and the closing remarks, the court declined to give a curative instruction to the jury. Id.
In each of these cases, not only were the comments more egregious than the isolated one made here, but there were other distinguishing factors, such as reinforcement of prejudice during closing arguments, or the failure of the trial court to sustain the objection or give a curative instruction.
This case is more analogous to Davis. Here, the officer made only a single and isolated comment regarding the character of the neighborhood where Sheffield was arrested. Thereafter, the trial court sustained an objection and a curative instructive ensued. Additionally, the prosecutor never repeated or referred to the officer’s statement during the trial. Further, while other illegal activities may have taken place in the Wendy’s parking lot, Wendy’s is a restaurant frequented by innocent patrons. We also note that Sheffield admitted possessing other drugs he attempted to conceal and the evidence of Sheffield’s *750 guilt was overwhelming. See Huffman v. State, 500 So.2d 349, 350 (Fla. 4th DCA 1987).
We conclude that the witness statement was not unduly prejudicial and any error is harmless. See Goodwin v. State, 751 So.2d 537 (Fla.1999).
Therefore, the conviction and sentence are affirmed.
GROSS and HAZOURI, JJ., concur.