ROBERT WATKINS v. STATE.

163 So. 292.
Division A.
Opinion Filed October 1, 1935.

B. K. Roberts and H. H. Wells, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

DAVIS, J.—The plaintiff in error, hereinafter referred to as the defendant, was indicted and convicted in the Circuit Court of Leon County of the larceny of a cow, and thereafter adjudged to be guilty, and was thereupon sentenced in accordance with the statute (Section 7234 C. G. L., 5133 R. G. S.) to serve two years in State Prison. The case is now before this Court on writ of error to the judgment of conviction.

The evidence disclosed that defendant admitted that he had assisted Mr. J. D. Crowder, a white man who had been jointly indicted with defendant (a negro) for stealing, butchering and disposing of a cow shown to be the property of one D. C. Grace, in butchering such cow about 5:00 o'clock in the morning that Grace missed the cow, and that defendant admitted that the cow had been butchered at the place where the head of the cow with the horns thereon had been found. He testified, however, that he was an employee of Mr. Crowder, that he considered Crowder his boss when he worked for him, and that when he assisted in the butchering of the cow that he knew nothing of where the cow had come from, and that his connection with the butchering of the cow was nothing more than that of an employed helper of Mr. Crowder.

Before the defendant in this case was placed on trial, Mr. Crowder, the white man, had been granted a severance and later the charge against him was nol prossed, the defendant Watkins being thereafter tried and found guilty under the joint indictment. Neither the State nor the defense called Mr. Crowder as a witness to the circumstances of the case, a factor of proof which leaves the record in a very unsatisfactory condition in view of the particular defense to the charge insisted upon and testified to by Watkins which if it is to be believed, completely exonerates him of the charge of larceny laid against him in the indictment.

Without at this time expressing any opinion on the sufficiency of the evidence to establish the guilt of Watkins of the charge made against him, being predicated as it is almost wholly on circumstantial evidence, we find that the Court committed harmful and reversible error in permitting Sheriff Frank Stoutamire, over objection and exception noted by defendant, to testify that, at a time when the defendant Watkins was not there to observe, the alleged owner of the cow, D. C. Grace, had gone with him to the Capital Hide and Fur Company and had there identified "the hide in that place as being his (Grace's) cow's hide."

Whether Grace had the ability to recognize his cow's hide or not when allegedly found in the place of business of Capital Hide and Fur Company, the defendant not being there at the time the attempted identification was made, was not only inadmissible on the ground of hearsay, but was irrelevant and immaterial to the issue being tried. Such testimony, if admissible at all, could only have been adduced in corroboration of some testimony by Grace (which had not at that time been offered) to the effect that he had located the hide of his stolen cow at the place in question, thereby establishing corroboration of the fact that the par-

ticular cow claimed to have been stolen as he had charged, was in fact stolen and butchered as testified to. But standing alone it was improper to admit it, as its only tendency was to confuse the jury into believing that the ability of the prosecuting owner to make an identification of the hide of his stolen cow in some way added to his general credibility as a state witness, and thereby tended to fortify the reliability of such witness's testimony in other particulars— a method of proof not permitted by the law of evidence to be indulged in under the prohibitory effect of the rule *"res inter alios acta"* as applied to general rule of logical relevancy. Farris v. People, 21 N. E. 821, 129 Ill. 521, 16 A. S. R. 283, 4 L. R. A. 582.

The rule *"res inter alios acta"* forbids the introduction against an accused of evidence of collateral facts which by their nature are incapable of affording any reasonable presumption or inference as to the principal matter in dispute, the reason being that such evidence would be to oppress the party affected, by compelling him to be prepared to rebut facts of which he would have no notice under the logical relevancy rule of evidence, as well as prejudicing the accused by drawing away the minds of the jurors from the point in issue. 10 R. C. L., page 937.

In civil, as well as in criminal cases, facts which on principles of sound logic tend to sustain or impeach a pertinent hypothesis of an issue, are to be deemed relevant and admitted in evidence, unless proscribed by some positive prohibition of law. But this rule is always subject to the well recognized exception that proof of collateral facts *"res inter alios acta"* are never to be admitted, especially in a criminal case where the facts laid before the jury to convict an accused person should consist exclusively of the transaction which forms the subject of the indictment and matters

relating thereto, and which alone, the defendant can be expected to come prepared to answer.  Farris v. People, 129 Ill. 521, *supra.*

Judgment reversed for a new trial.

WHITFIELD, C. J., and BROWN, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.