545 So.2d 498 (1989)
Carlton BLACK, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1402.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
*499 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michael J. Hellman, Asst. Atty. Gen. (on the brief), West Palm Beach, for appellee.
PER CURIAM.
Prior to trial on charges of possession of cocaine and possession of drug paraphernalia, appellant attempted to discharge his private, court-appointed counsel. Upon being so advised, the trial court stated, "Motion denied." After some discussion on another matter, defense counsel stated, "Mr. Black, again, asked me to relate to the Court that he wants me off the case." The court replied, "Forget it."
When a defendant makes a pre-trial request to discharge court-appointed counsel, the trial court must make an inquiry as to the reasons for the request. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). If the court finds that a valid reason for discharge exists, it should appoint substitute counsel. Williams; Nelson. If no valid reasons appear or if the defendant does not state a reason, the trial court should so state on the record and advise the defendant that if he discharges his appointed counsel the state is not required to appoint a substitute. Williams; Nelson.
Here, the trial court clearly erred in failing to make inquiry as to appellant's reasons for requesting discharge of his attorney. We note also that the United States Supreme Court has held, in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that the sixth amendment grants an accused the right to self representation.
We treat another error raised by appellant in order to forestall its repetition upon retrial. Over defense counsel's objection, a police officer testified that on the day in question he and his partner had been watching several areas of drug activity called "crack houses," and in particular the "crack house" where appellant was arrested, which was a vacant, partially-built garage where the officers had previously made numerous arrests. Also over defense counsel's objection, the officer testified that no "normal people" lived in the garage, although it was used by "vagrants or people like that." The trial court noted defense counsel's "standing objection" to such testimony, and thereafter, another officer testified that the vacant garage was a "base house" where he had made numerous past arrests.
Appellant contends, relying on Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla. 1978), and Lockett v. State, 527 So.2d 959 (Fla. 4th DCA 1988), that the admission of the objected-to testimony constituted reversible error. We agree and would reverse on this point as well. See Buckhann v. State, 356 So.2d 1327 (Fla. 4th DCA 1978).
*500 We reverse and remand for a new trial.
REVERSED AND REMANDED.
HERSEY, C.J., and STONE and WARNER, JJ., concur.