562 So.2d 443 (1990)
Danny DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-00239.
District Court of Appeal of Florida, Second District.
June 20, 1990.
*444 James Marion Moorman, Public Defender, and Robert A. Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Mr. Davis appeals his convictions and sentences for sale of cocaine and possession of cocaine with intent to sell. We affirm the conviction and sentence for sale of cocaine, but reverse the conviction and sentence for possession under the principles announced in Carawan v. State, 515 So.2d 161 (Fla. 1987). On remand, resentencing will be unnecessary because the recommended sentence on the scoresheet is unaffected by the reversal of the second conviction. Lewis v. State, 545 So.2d 427 (Fla. 2d DCA 1989), approved, 556 So.2d 1103 (Fla. 1990).
On July 10, 1987, Mr. Davis sold a $20 piece of cocaine to an undercover police officer who was driving an unmarked car. The sale was observed by another police officer, who concealed his identity by hiding in a refrigerator box in the back seat of the car. The box contained a small slit that allowed the officer to both see and hear Mr. Davis. The officer hid in the box because he had worked extensively in the neighborhood. He believed that Mr. Davis would recognize him. Mr. Davis was not arrested at the scene of the sale, but rather was arrested several days later. At the trial, the state and the defense primarily litigated the issue of identity. The officer testified that he recognized Mr. Davis and identified his voice from prior encounters.
On appeal Mr. Davis raises three issues, only two of which require discussion. First, he correctly observes that the charges of sale and possession with intent to sell arise from a single act. Under Carawan, we can uphold only the conviction and sentence for sale.
Second, Mr. Davis argues that his trial was tainted by the testimony of the officer in the refrigerator box. Over objection, that officer described the neighborhood where Mr. Davis sold drugs as a "drug supermarket." Typically, such characterizations of a neighborhood in which a crime occurs are not relevant to the state's case. See Johnson v. State, 559 So.2d 729 (Fla. 4th DCA 1990). An improper characterization of a neighborhood, however, is not always reversible error. Jefferson v. State, 560 So.2d 1374 (Fla. 5th DCA 1990).
Assuming it was error to introduce this testimony in this case, any error was harmless beyond a reasonable doubt. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The officer's isolated characterization of the neighborhood was a brief comment and was not repeated in the remaining testimony or mentioned in the closing argument. The testimony was not a focal point of the trial. It certainly was not an attempt to suggest guilt by association because Mr. Davis's primary defense was that he was at home with his wife when the drug transaction transpired. Cf. Wilkins v. State, 561 So.2d 1339 (Fla. 2d DCA 1990) (similar testimony was harmful error where intent to sell, rather than identity, was the primary issue).
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
RYDER, A.C.J., and HALL, J., concur.