573 So.2d 810 (1991)
Travis GILLION, Petitioner,
v.
STATE of Florida, Respondent.
No. 74708.
Supreme Court of Florida.
January 10, 1991.
*811 Richard L. Jorandby, Public Defender and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Alfonso M. Saldana, West Palm Beach, and Charlie McCoy, Tallahassee, Asst. Attys. Gen., for respondent.
SHAW, Chief Justice.
We have for review Gillion v. State, 547 So.2d 719 (Fla. 4th DCA 1989), in which the district court certified the following question as one of great public importance:
DOES THE MERE IDENTIFICATION OF A LOCATION AS A HIGH-CRIME AREA UNDULY PREJUDICE A DEFENDANT WHO IS ARRESTED THERE?
Id. at 720. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. In answering the question as stated, we hold that such an identification could be unduly prejudicial under some circumstances, see Johnson v. State, 559 So.2d 729 (Fla. 4th DCA 1990), but is not always so.
Under the facts of this case the prosecutor elicited the following information concerning the area in which the charged criminal activities took place:
PROSECUTOR: On that evening, what did you observe in that area?
MINTUS [a police officer]: Well, I drove through the area and I observed several individuals. I observed cocaine, street cocaine transactions take place.
MR. RICHSTONE [defense counsel]: Objection, I would like to make a motion for the court now.
The certified question applies to locations which are identified as high-crime areas. Mintus only testified relative to activities he observed on one evening in one area of Fifth Avenue in Delray Beach. This testimony did not label that area as one of high-crime, the characterization of the certified question.
When Mintus made the objected-to statement, the state was not attempting to characterize the area as one of high crime but was asking him what he saw when driving through it. If Officer Mintus actually saw criminal activity, testimony concerning what he saw is a factual matter, not a characterization of this location as high-crime nor an attempt to impugn the area's reputation. Such testimony, although not directly relevant to a specific element of the crimes for which Gillion stood accused, is relevant to clarify for the jury why this area was selected for this police operation, why this is where a drug buy would be made. That information is relevant for the jury to place in context testimony bearing directly on the legal issues of the case. To compel the state to put on its case in a factual vacuum, devoid of such necessary background information, would be a disservice to the fact finder. "[C]onsiderable leeway is allowed even on direct examination for proof of facts that do not bear directly on the purely legal issues, but merely fill in the background of the narrative and give it interest, color, and lifelikeness." McCormick on Evidence § 185, at 541 (3d ed. 1984).
Petitioner relies on Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978), cert. denied, 359 So.2d 1220 (Fla. 1978). Beneby was convicted of heroin possession. During his opening statement the prosecutor described the area in which the defendant was arrested as "an area that is known to be inhabited by drug users." Id. at 99. Later during the trial, a police officer testified that he went up the alley in which the arrest was made because "there had been several narcotic arrests made in that area; and the bar at 22nd and Sims has quite a reputation for narcotics in that area." Id. The inference drawn from this testimony was patently prejudicial to Beneby, and the conviction was properly reversed.
The instant case does not approach the impropriety demonstrated in Beneby. The prosecutor did not mention in opening *812 statement the reputation or character of the area in question. When Officer Mintus testified, he relied neither on what had happened in the past, nor the reputation of the neighborhood. The officer's testimony as to what he observed was not the focus of the trial and was not highlighted in closing argument.
Petitioner also complains that because Mintus saw people involved in drug dealings and he was later seen in the area, the only inference to be drawn is that he is a drug dealer. In Huffman v. State, 500 So.2d 349 (Fla. 4th DCA 1987), a case where the defendant was arrested on a Greyhound bus, the district court let stand testimony by a state witness which revealed that the local police had arrested many people using buses to transport drugs north. The court observed that common sense would tell jurors that drugs travel north by many modes of transportation also frequented by innocent people. The jurors in this case would also apply common sense to understand that many innocent people use the streets where Agent Mintus saw drug transactions taking place, and the sighting of the defendant on those streets does not necessarily make him a drug dealer.
Testimony concerning the location of a defendant's alleged illegal activities is not unduly prejudicial. Whether or not undue prejudice exists depends on the facts of each case, and, in this case, the facts do not support a finding of undue prejudice. We approve the decision of the district court.
It is so ordered.
OVERTON, McDONALD, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I concur in the Court's conclusion that the decision affirming the defendant's conviction should be approved. However, I do not agree that Officer Mintus's testimony regarding other drug transactions was admissible. The admissibility of that testimony, like every other evidentiary question, is controlled by the measure of its relevancy and materiality. In this case, Mintus's testimony that he had seen other drug transactions involving other people had no relevancy to Gillion, other than to impermissibly suggest that because Gillion had been in that neighborhood, he must be guilty. We have repeatedly condemned such inferences. In Watkins v. State, 121 Fla. 58, 61-62, 163 So. 292, 293 (1935), the Court said:
The rule "res inter alios acta" forbids the introduction against an accused of evidence of collateral facts which by their nature are incapable of affording any reasonable presumption or inference as to the principal matter in dispute, the reason being that such evidence would be to oppress the party affected, by compelling him to be prepared to rebut facts of which he would have no notice under the logical relevancy rule of evidence, as well as prejudicing the accused by drawing away the minds of the jurors from the point in issue.
In civil as well as in criminal cases, facts which on principles of sound logic tend to sustain or impeach a pertinent hypothesis of an issue are to be deemed relevant and admitted in evidence, unless proscribed by some positive prohibition of law. But this rule is always subject to the well-recognized exception that proof of collateral facts "res inter alios acta" are never to be admitted, especially in a criminal case where the facts laid before the jury to convict an accused person should consist exclusively of the transaction which forms the subject of the indictment and matters relating thereto, and which alone the defendant can be expected to come prepared to answer.
(Citations omitted.)
Even the state candidly and correctly concedes that in Florida, introducing the fact that a defendant was arrested in a high-crime area is reversible error. See, e.g., Black v. State, 545 So.2d 498 (Fla. 4th DCA 1989); Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 *813 (Fla. 1978). While the majority opinion distinguishes Beneby on the basis that Beneby dealt with testimony regarding the reputation of an area rather than direct observations of the officer, the result in both cases is the same: to infer guilt by association.
Notwithstanding this error, however, the error was harmless beyond any reasonable doubt on this record.