SCHEB, Acting Chief Judge.
The defendant, Henry Lewis Peterson, was found guilty by a jury of possession of cocaine with intent to sell or deliver, section 893.13, Florida Statutes (1987). He raises three points on appeal. We find merit in only one of his arguments, yet it mandates that he receive a new trial.
At issue is the arresting officers’ repeated trial characterizations of the area where Peterson was arrested as a “high drug trafficking area.” Indeed, one officer specifically stated that Graham’s Inn, the exact location of Peterson’s arrest, was “one of our known trafficking areas.” These comments were allowed over numerous defense objections. On appeal, Peterson argues that the trial court erred in allowing the officers to make such comments repeatedly. We agree.
In Wilkins v. State, 561 So.2d 1339 (Fla. 2d DCA 1990), a new trial was warranted on a charge of possession with intent to sell contraband because an officer testified, over objection, that the vicinity of the defendant’s arrest was a “high crime area known for narcotics” called a “drive-up” or “pass by.” This court determined these remarks were inflammatory and designed to create an indelible impression that the defendant was there for no other purpose than to deal in drugs. The court reviewed the record and concluded that the admission of the statements was prejudicial and constituted harmful error. Accord, Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla.1978) (new trial warranted on possession charge because an officer testified, over objection, that a certain bar had been the site of several narcotics arrests and had a reputation for narcotics, and prosecutor referred to its reputation in opening statement and closing argument).
In the instant case, the officers repeatedly referred to the area generally, and Graham’s Inn in particular, as a high drug trafficking area. Thus, under the previously mentioned case law, it is clear that error was committed. Our inquiry, however, does not end here.
Gillion v. State, 573 So.2d 810 (Fla.1991), the supreme court’s most recent pronouncement on the subject, indicates that the degree of prejudice caused by such comments varies depending upon the exact testimony given. Thus, this kind of error may sometimes be rendered harmless by the particular facts of the prosecution. For example, in Huffman v. State, 500 So.2d 349 (Fla. 4th DCA 1987), the court held that in light of overwhelming evidence of guilt, testimony that a defendant was arrested in a high crime area was harmless error, if error at all. Similarly, the court in Gillion affirmed the defendant’s conviction even though an officer had testified over defense objection that he had observed drug transactions in the arresting area immediately before the arrest.
For an error to be considered harmless, however, the state must prove beyond a reasonable doubt that the specific comments did not contribute to the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). As for the instant situation, we cannot say the state has proved beyond a reasonable doubt that the repeated characterizations did not have an unduly prejudicial impact.
The officers’ evaluation of the area in general and the Graham Inn in particular had great potential to affect the jurors’ decision. The charge was possession with intent to sell or deliver; thus, Peterson’s intent was a key issue at trial. The state’s evidence of intent was all circumstantial, comprised of Peterson’s actions and apparent responses to his companion’s suspicious hand signals. Thus, the officers’ testimony calling attention to the character of the area may well have impacted the jurors’ evaluation of the circumstantial evidence of intent. Indeed, on appeal, the state acknowledges that introduction of such evidence is designed to imply intent. As we have noted in Wilkins, however, it is potentially unfair to impugn an entire neighborhood in this way. A defendant may there *27 by be unjustly incriminated by his mere presence in an area he must inhabit.
We are mindful that, unlike in Beneby, the prosecutor here did not mention the nature of the area in his opening statement or closing argument. Nevertheless, we cannot say the officers’ repeated testimonial characterizations were harmless beyond any reasonable doubt, especially since the only other witness to testify at trial was the police laboratory analyst.
Accordingly, we reverse and remand for a new trial.
CAMPBELL and ALTENBERND, JJ., concur.