578 So.2d 1102 (1991)
Carlton BLACK, Petitioner,
v.
STATE of Florida, Respondent.
No. 77130.
Supreme Court of Florida.
May 9, 1991.
*1103 Richard L. Jorandby, Public Defender and Nancy Perez, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Sylvia Alonso, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
We review Black v. State, 569 So.2d 942 (Fla. 4th DCA 1990), in which the court certified the following question as one of great public importance:
DOES THE MERE IDENTIFICATION OF A LOCATION AS A HIGH CRIME AREA UNDULY PREJUDICE A DEFENDANT WHO IS ARRESTED THERE?
Id. at 942. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Subsequent to the decision below, this Court issued an opinion in Gillion v. State, 573 So.2d 810 (Fla. 1991), in which we held that the identification of the location in which the defendant was arrested as a high crime area may or may not be unduly prejudicial, depending upon the circumstances of the case. Therefore, we remand the instant case to the district court of appeal for consideration in light of our opinion in Gillion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.