NIMMONS, Judge.
Pursuant to a jury trial, appellant was convicted and sentenced on three counts of sale or delivery of cocaine. Appellant asserts that the trial court reversibly erred by overruling defense counsel’s objection *751 to Investigator Daniels’ testimony during the state’s case in chief wherein Daniels characterized the bar where the drug transactions occurred, “The Squeeze Inn,” as a place where drug activity goes on. We affirm.
The investigator testified that “Drug activity goes on there” in response to the prosecutor’s inquiry as to why he was familiar with the Squeeze Inn. This brief reference was by way of background information explaining why the Sheriff’s Office had selected that locale for the undercover drug transaction in which the appellant became involved. The appellant relying upon Gillion v. State, 573 So.2d 810 (Fla.1991), Cabral v. State, 550 So.2d 46 (Fla. 3rd DCA 1989), Black v. State, 545 So.2d 498 (Fla. 1st DCA 1989), and Hutchinson v. State, 580 So.2d 257 (Fla. 1st DCA 1991), claims that Daniels’ testimony was unduly prejudicial because it gave the impression that anyone at the Squeeze Inn was there to engage in an illicit drug trade.
Even if the trial court’s ruling on the defendant’s objection was error under the above line of cases, we hold that such error was harmless. This was the only reference during the trial to the reputation of the locale of the crime. The prosecution made no mention thereof in his opening statement or closing argument. Moreover, the evidence of guilt in this case was overwhelming. The purchasing confidential informant testified and identified the defendant with whom the C.I. was acquainted. The transaction was recorded via a transmitting device concealed on the C.I.’s person. The conversation was monitored and taped during the transaction and the tape was placed in evidence and played for the jury. The defense presented no testimony or evidence.
We conclude that there is no reasonable possibility that Officer Daniels’ above referred characterization of the locale of the offense contributed to the appellant’s conviction. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). We therefore affirm on this issue.
We have examined the other two issues raised by the appellant, find them merit-less, and affirm without discussion.
AFFIRMED.
BOOTH, J. and WENTWORTH, Senior Judge, concur.