639 So.2d 158 (1994)
Sammy DORSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-720.
District Court of Appeal of Florida, First District.
July 5, 1994.
Nancy A. Daniels, Public Defender, and Steven A. Been, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges his convictions and sentences for possession of cocaine and sale of cocaine within one thousand feet of a school. Because we conclude that the trial court erred in allowing testimony that the area where the appellant was arrested was known for drug activity, we reverse.
Gainesville Police Officer Willis participated in a police bust/buy operation in which he dressed in plainclothes and drove an unmarked car to attempt to purchase illegal *159 drugs. Willis pulled up to a group of three or four persons and purchased a rock of cocaine from one of the persons in exchange for a twenty dollar bill. As Willis drove away, he transmitted a description of the cocaine seller to other officers, who immediately arrived on the scene and arrested the appellant. The appellant was charged with one count of possession of cocaine and one count of sale of cocaine within one thousand feet of a school. At trial, the appellant asserted that he was not the person who had possessed and sold the cocaine. The jury found the appellant guilty of both counts.
The appellant challenges the admissibility of Willis's trial testimony that the arrest scene was known for drug activity. The supreme court has held that the mere identification of an area as a high crime area does not per se constitute prejudicial error. Gillion v. State, 573 So.2d 810 (Fla. 1991). Whether such testimony is unduly prejudicial depends upon the facts of each case. Id. at 812. In Gillion, the officer did not attempt to characterize the area as one of high crime, but rather relayed what criminal activity he had actually seen while driving through the area just prior to the defendant's arrest. The court found that testimony "relevant to clarify for the jury why this area was selected for this police operation, why this is where a drug buy would be made." Id. at 812. Subsequent cases have likewise distinguished between testimony reporting an officer's observations of presently occurring criminal activity and testimony simply characterizing an arrest area as a high crime area. See Lowder v. State, 589 So.2d 933, 935 (Fla. 3d DCA 1991), dismissed, 598 So.2d 78 (Fla. 1992); Hutchinson v. State, 580 So.2d 257 (Fla. 1st DCA 1991).
In the present case, Officer Willis was not reporting his observations, but was characterizing the area as a high crime area, i.e., "known for a lot of drug activity [where police] go on a regular basis." The testimony, then, unlike the testimony in Gillion, was not admissible to explain why police were in the area. See Lowder; Hutchinson. Thus, the remaining question is whether the error in admitting the testimony was harmless.
The state urges that the error was harmless, relying upon Conner v. State, 582 So.2d 750 (Fla. 1st DCA 1991), in which the court determined that a single reference to the locale of the crime was harmless where the purchasing confidential informant testified and identified the defendant with whom he was previously acquainted and the tape of the transaction was played for the jury at trial. In this case, however, Willis did not know the defendant, and identification was the entire defense. The state primarily relied upon the eyewitness testimony of Willis that the appellant was the person that sold him the cocaine, and a comment made by the appellant at the police station questioning why police go after small dealers instead of the suppliers. With regard to the identification of the appellant, the defense pointed out that the transaction occurred at night in a dimly lit area, and the seller only spoke with Willis from outside the passenger side of the car. Furthermore, notwithstanding that only seconds elapsed between the transaction and the arrest, and that officers were watching for abandonment of evidence as they closed in for arrest, the twenty dollar bill was not recovered from the appellant's person or in the surrounding area. The defense also pointed out weaknesses of the description of the seller supplied by Willis. Finally, although the prosecution played an audio tape of the transaction, no one identified the voice of the seller as belonging to the appellant. Under such circumstances, we are unable to assume that the jury did not consider the prejudicial inference suggested by Willis's testimony that since the area of arrest was known for drug dealing the appellant was probably dealing in drugs. See Peterson v. State, 578 So.2d 25 (Fla. 2d DCA 1991). We are therefore unable to conclude that the error was harmless beyond a reasonable doubt. Id.; see State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
Accordingly, we reverse and remand for a new trial. In light of the foregoing discussion and disposition, we need not address the other issue raised in the appellant's brief.
WEBSTER and LAWRENCE, JJ., concur.