670 So.2d 1121 (1996)
Milton L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-915.
District Court of Appeal of Florida, Fifth District.
March 29, 1996.
*1122 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Milton L. Johnson ["Johnson"] appeals his conviction for possession of cocaine[1] and delivery of cocaine.[2]
This case arises out of a "controlled buy" of narcotics which took place with the aid of a confidential informant. Johnson pled not guilty to both offenses, and the case went to trial before a jury. During the state's opening statement, the prosecutor told the jury that on the night in question the officers were working in a "problem drug area" utilizing a confidential informant ["CI"] through whom they were attempting to buy cocaine. Defense counsel moved for a mistrial because the prosecutor had referred to the area in which the transaction had occurred as a "problem drug area." The court denied the mistrial.
Both officers testified at trial. Their testimony established that on the night in question they drove the CI to the parking lot of a machine shop on Gore Street. The CI was searched, outfitted with a body bug and given $20.00 in cash. The officers then drove him to the 1000 block of Gore Street and let him out. Although the officers had not observed anyone in the area, they heard the CI speaking to someone as they drove around the block. The CI purchased twenty dollars worth of cocaine and, as he walked away, told officers over the wire that the suspect was wearing a black shirt and a pair of black pants. The officers picked the CI up approximately three minutes after they had let him out of the car. He handed them the cocaine he had purchased. The three men then drove past the site where the buy took place, and the CI identified Johnson as the seller. Both officers were familiar with Johnson. The CI testified at trial and confirmed the details of the transaction as testified to by the officers.
*1123 The principal issue on appeal is whether Johnson was entitled to a mistrial because the prosecutor stated during opening argument that the transaction occurred in a "problem drug area." Johnson contends that the reference to the area as a "problem drug area" indicated to the jury a likelihood that he was selling drugs, which was highly prejudicial.
It is well settled that it is improper in a drug prosecution case for the prosecution to characterize the area in which a defendant was arrested as a high crime area or as a known drug location. Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991), cause dismissed, 598 So.2d 78 (Fla.1992). Evidence of this nature is generally considered irrelevant to the issue of guilt and can be unduly prejudicial to the defendant because it tends to establish bad character or propensity. Beneby v. State, 354 So.2d 98 (Fla. 4th DCA), cert. denied, 359 So.2d 1220 (Fla.1978).
The admission of such evidence does not constitute per se reversible error, however. Rather, the question of whether a statement that a transaction took place in a "high drug area" is unduly prejudicial to a defendant depends on the facts and circumstances associated with each case. Black v. State, 578 So.2d 1102 (Fla.1991); Gillion v. State, 573 So.2d 810 (Fla.1991); Jefferson v. State, 560 So.2d 1374 (Fla. 5th DCA), review denied, 574 So.2d 141 (Fla.1990). Reversible error has been found where such references become a feature of the trial and are highlighted in closing argument. Gillion; Beneby. Courts also consider whether the testimony is being offered to establish a chain of events or whether it is being offered solely to establish bad character or propensity. Dorsey v. State, 639 So.2d 158 (Fla. 1st DCA 1994). Such references are also considered by some courts to be less harmful in those cases in which the defendant denies being present during the transaction, since under these circumstances the defendant is less likely to be convicted through "guilt by association." See Davis v. State, 562 So.2d 443 (Fla. 2d DCA 1990). Where an "isolated characterization of a neighborhood was a brief comment and was not repeated in the remaining testimony or mentioned in closing," the error has been considered harmless and deemed insufficient to provide a basis for reversal on appeal. Davis, 562 So.2d at 444.
In this case, the prosecutor, in setting up the chain of events, mentioned once in opening statement that the transaction in this case occurred in a "problem drug area." This was a passing reference that did not become a feature of the trial.[3]
AFFIRMED.
GOSHORN, GRIFFIN and ANTOON, JJ., concur.
NOTES
[1] §§ 893.13(6)(a) and 893.03(2)(a)(4), Fla.Stat. (1993).
[2] §§ 893.13(1)(a)1 and 893.03(2)(a)4, Fla.Stat. (1993).
[3] The second issue raised on appeal deals with the lower court's refusal to permit cross-examination of the CI with a letter he had written. The letter had impeachment value on a collateral issue. We find no reversible error in this exercise of the court's discretion.