672 So.2d 71 (1996)
Carolene WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0513.
District Court of Appeal of Florida, Fourth District.
April 17, 1996.
Rehearing Denied May 6, 1996.
Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Public Defender, West Palm Beach, for appellee.
*72 SHAHOOD, Judge.
Appellant, Carolene Watson, appeals her conviction, after a jury trial, for the sale of cocaine. We affirm in part and reverse in part and remand.
As her first issue on appeal, appellant contends that she was prejudiced by the arresting officer's testimony which amounted to a comment about the nature of the area in which she was arrested. In explaining how appellant's arrest occurred, the officer testified that the sheriff's department was doing "buy-bust" operations during which "undercover officers will go out and attempt to make purchases of narcotics in narcotics areas." Although comments that the defendant was arrested in a high-crime area are often prejudicial and constitute reversible error, Sherrod v. State, 582 So.2d 814 (Fla. 4th DCA 1991), the supreme court has held that such comments do not per se warrant reversal. Gillion v. State, 573 So.2d 810 (Fla. 1991). Instead, reviewing courts must consider whether prejudice exists based on the facts of each case. Id. at 812.
In Gillion, the court affirmed the conviction for sale of cocaine, reasoning that the testimony at issue was merely the officer's account of what he observed and not a comment on the character of the location or an attempt to impugn the area's reputation. Id. at 811. The court found that the officer's observations merely aided the jury in placing the testimony in context by clarifying "why this area was selected for this police operation." Id.; see also Conner v. State, 582 So.2d 750 (Fla. 1st DCA 1991) (comment about area in which arrest occurred did not compromise integrity of trial since it amounted to background information explaining why officers had selected particular area for undercover drug transaction). Accordingly, we hold that in the instant case the officer's comments did not unduly prejudice the jury since they amounted to mere background information and not an attempt to impugn the area's reputation.
We affirm also the court's imposition of costs as well as the condition prohibiting appellant from consuming alcohol or visiting places in which alcohol is sold. Although the trial court did not orally pronounce these conditions, appellant had constructive notice of same by virtue of their publication in the Rules of Court. See State v. Hart, 668 So.2d 589 (Fla.1996).
We remand only for the limited purpose of allowing the court to specify the amount assessed for court costs and public defender fees, as costs were awarded but not reflected in the written order.
Affirmed in part, reversed in part, and remanded.
GLICKSTEIN and FARMER, JJ., concur.