721 So.2d 728 (1998)
David GOODWIN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2086.
District Court of Appeal of Florida, Fourth District.
April 8, 1998.
Opinion Denying Rehearing June 24, 1998.
Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, Judge.
In describing the function of Broward County Sheriff's Office's Street Crime Unit during appellant's trial for delivery of cocaine, one of the testifying officers explained that the officer "goes into the areas that are known for street level drug sales and he tries to make buys from street level dealers." Appellant's counsel objected to the comment on the grounds that "he's talking about that they're targeting dealers, that the guys drive around because they're out to catch dealers." The trial court sustained the objection and gave a curative instruction to disregard the comment, but reserved its ruling on the motion for mistrial until after the trial, at which time the motion was denied based on Watson v. State, 672 So.2d 71 (Fla. 4th DCA), rev. denied, 679 So.2d 775 (Fla.1996).
Our review of the record convinces us that this single comment was not "unduly prejudicial," *729 see Gillion v. State, 573 So.2d 810, 812 (Fla.1991), as the state had already elicited similar testimony that the detectives were looking for drug dealers from other witnesses and defense counsel raised no objection. In the instant case, the officer who purchased the cocaine from appellant positively and unequivocally identified appellant, and while the marked money was not found on appellant when he was arrested, the arresting officer saw appellant throw currency into a nearby fire at the time of his arrest. Appellant presented no defense, other than to argue in closing that the officer misidentified him. This is not a constitutional error to which State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), is required to be applied. The Legislature has the authority to enact a statute setting forth the standard for reversal. See id. at 1134 n.9. Section 924.051(7), Florida Statutes (1995), places the burden on the appellant to show that a prejudicial error has occurred. We conclude that appellant has failed to demonstrate such an error.
We distinguish Wheeler v. State, 690 So.2d 1369 (Fla. 4th DCA 1997), Sherrod v. State, 582 So.2d 814 (Fla. 4th DCA 1991), Hutchinson v. State, 580 So.2d 257 (Fla. 1st DCA 1991), Black v. State, 545 So.2d 498 (Fla. 4th DCA 1989), and Beneby v. State, 354 So.2d 98 (Fla. 4th DCA 1978), in which "bad neighborhood" comments combined with either improper prosecutorial remarks or additional bad neighborhood testimony from other witnesses constituted reversible error. However, we acknowledge that in Dorsey v. State, 639 So.2d 158 (Fla. 1st DCA 1994), and Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991), a single "bad neighborhood" reference constituted reversible error. We note that both cases were decided prior to the enactment of section 924.051(7), and thus relied on DiGuilio in determining that the error was not harmless.
FARMER, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, Judge, concurring specially.
I fully agree with the majority opinion and am writing only to explain more fully why we are not citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986) as authority to determine whether the error is harmless, but rather section 924.051(7), Florida Statutes (Supp. 1996), which provides:
In a direct appeal or a collateral proceeding, the party challenging the judgment or order of the trial court has the burden of demonstrating that a prejudicial error occurred in the trial court. A conviction or sentence may not be reversed absent an express finding that a prejudicial error occurred in the trial court.
As the United States Supreme Court observed in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), harmless error statutes were adopted by the states, as well as Congress[1], in the early part of this century, as a reaction to widespread dissatisfaction with appellate courts routinely reversing criminal convictions. The Kotteakos court quoted a 1925 article suggesting that appellate courts towered "above the trials of criminal cases as impregnable citadels of technicality." Id. at 759, 66 S.Ct. at 1245.[2]
In Kotteakos the Court, in addressing the federal harmless error statute, was careful not to ascribe any burden to one side or the other, although it noted that the legislative history reflected that Congress intended for the burden to be on the appellants for technical errors, but on beneficiaries of the errors for substantive ones. Id. at 765, 66 S.Ct. at 1248.
The most important federal decision pertinent to this analysis is Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 *730 (1967), because federal constitutional rights are often implicated in criminal cases, and also because DiGuilio is based on Chapman. In Chapman the issue before the United States Supreme Court was whether a state prosecutor's comment on the defendant's failure to testify, a violation of the Fifth Amendment, could be harmless error. The Court held in Chapman that although some constitutional violations are per se reversible, such as the denial of the right to counsel, there are constitutional errors which can be harmless if the state can "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24, 87 S.Ct. at 828. The Court held that the comment on the defendant's silence in Chapman was of the type that could be harmless, but under the facts it did not pass the harmless error test enunciated in Chapman and therefore required a new trial.
Significantly, after announcing the "harmless beyond a reasonable doubt" test for federal constitutional error in Chapman, the Court observed that "appellate courts do not ordinarily have the original task of applying such a test." 386 U.S. at 24, 87 S.Ct. at 828. The Chapman Court also noted that every state had a harmless error statute or rule and that they "serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial." Id. at 24, 87 S.Ct. at 828. Chapman, along with the fact that the federal constitution does not require states to grant appeals to criminal defendants,[3] leads me to conclude that the burden established by section 924.051(7) is permissible under federal law except where there is a federal constitutional violation, in which case the Chapman standard controls.
This brings us to DiGuilio. Shortly before DiGuilio, the Florida Supreme Court concluded in State v. Murray, 443 So.2d 955 (Fla.1984), that the appropriate test for determining whether error is prejudicial or harmless was the rule established by the United States Supreme Court in Chapman. In Murray, however, the error was not one which violated the defendant's rights under the federal constitution. As a result of confusion between Murray and other Florida Supreme Court decisions, the fifth district in DiGuilio certified a question of great public importance as to whether a comment on the right to silence, a constitutional violation, was per se reversible error.
At the time DiGuilio was decided section 924.051(7) was not in effect; however, we then had, and still have, section 924.33, which provided:
No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.
The DiGuilio court observed:
Section 924.33 respects the constitutional right to a fair trial free of harmful error but directs appellate courts not to apply a standard of review which requires that trials be free of harmless errors. The authority of the legislature to enact harmless error statutes is unquestioned. Contraposed to this legislative authority, the courts may establish the rule that certain errors always violate the right to a fair trial and are, thus, per se reversible. To do so, however, we are obligated to perform a reasoned analysis which shows that this is true, and that, for constitutional reasons, we must override the legislative decision. (footnote omitted).
The DiGuilio court then went on to adopt, for constitutional errors, the same standard adopted by the United States Supreme Court in Chapman, setting it out as follows:
The harmless error test, as set forth in Chapman and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction. See Chapman, 386 U.S. at 24, 87 S.Ct. at 828.
DiGuilio, 491 So.2d at 1135.
Returning to section 924.051(7), which puts the burden of demonstrating prejudice on the *731 defendant, I note that when the Florida Supreme Court implemented other portions of the "Criminal Appeal Reform Act of 1996," of which section 924.051(7) is a part, it expressed the belief that the legislature could "place reasonable conditions upon [the right of appeal provided by the Florida Constitution] so long as they do not thwart the litigants' legitimate appellate rights." Amendments to Fla.R.App.P., 685 So.2d 773, 774 (Fla.1996).
Finally, it is at least worth mentioning that just as civil judgments are presumed correct on appeal, so are criminal convictions. Spinkellink v. State, 313 So.2d 666 (Fla. 1975). In light of that presumption, as well as the deference given the legislature regarding harmless error statutes by both the Chapman and DiGuilio courts, I agree that section 924.051(7), and not the standard established in DiGuilio for constitutional error, is the harmless error test to apply here.[4]

ON MOTION FOR REHEARING
PER CURIAM.
We deny rehearing but certify the following question as one of great public importance:
IN APPEALS WHICH DO NOT INVOLVE CONSTITUTIONAL ERROR, DOES THE ENACTMENT OF SECTION 924.051(7), FLORIDA STATUTES, ABROGATE THE HARMLESS ERROR ANALYSIS ANNOUNCED IN DIGUILIO V. STATE [STATE V. DIGUILIO], 491 So.2d 1129 (Fla.1986)?

WARNER, FARMER and KLEIN, JJ., concur.
NOTES
[1] When Kotteakos was decided in 1946, the federal harmless error statute, 28 U.S.C. § 391, provided:

On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties.
It is in essentially the same form today but is now found at 28 U.S.C. § 2111.
[2] Kavanagh, Improvement of Administration of Criminal Justice by Exercise of Judicial Power, 11 A.B.A. J. 217, 222 (1925).
[3] Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
[4] How appellate judges should actually go about determining whether a specific error is harmless under Chapman or harmless error statutes has been a subject of much debate. A computer search shows that there have been sixty-five articles written in law reviews or legal journals on the subject of harmless error since 1984. In DiGuilio the Florida Supreme Court observed that the most "perceptive analysis of harmless error" was done by former Chief Justice Traynor of the California Supreme Court. Roger J. Traynor, The Riddle of Harmless Error (1970). The court in DiGuilio quoted Traynor for the proposition that harmless error should not be found based on overwhelming evidence of guilt.