POLEN, J.
James A. Smith timely appeals from an adjudication of guilt and an 86.55 month prison sentence for commission of a sexual battery upon a child under the age of sixteen. He argues on appeal that the trial court erred by allowing the state to elicit hearsay testimony on redirect examination, and in sentencing him based upon an incorrectly calculated scoresheet. We affirm on both points raised.
Smith and a co-defendant[1] were jointly tried before a jury on several counts involving the sexual battery upon a child under sixteen while on a boat. At trial, the victim testified she was attacked sexually on a boat, and identified Smith as one of her attackers. The victim’s friend, Danielle Myoshi, who left the boat before the alleged attack occurred, testified for the state as to events that she saw transpire once the victim got off the boat.
On cross-examination of Myoshi, Smith elicited hearsay testimony, without objection from the state, regarding her conversations with the victim. Myoshi testified for the state that the victim changed her story several times about whether the sex with Smith *761 was consensual, and that the victim told her she was “out of it” when the alleged attack occurred.
On redirect, the state asked Myoshi to further explain what events the victim said exactly occurred on the boat. Smith objected to such testimony as inadmissible hearsay. The court overruled the objection, finding Smith opened the door to the testimony during his cross examination. Myoshi was then allowed to testify that the victim first claimed Smith attacked her but then changed her mind and stated the sex was consensual.
The jury found Smith guilty as charged.[2] His scoresheet included 80 points for sexual penetration under victim injury. Stating its intent was to impose the low end of the guidelines, the court sentenced Smith to 86.55 months in prison.
Smith first argues that the court abused its discretion in allowing, on the state’s redirect examination, Myoshi’s testimony regarding her conversations with the victim about what happened on the boat. He contends that such testimony was inadmissible hearsay and should have been excluded. While we do not believe that Smith opened the door to such hearsay during his cross examination, we find that Myoshi’s testimony on redirect was cumulative of her testimony on cross. As such, we find that Smith has not met his burden of showing that any error prejudiced his defense. See Goodwin v. State, 721 So.2d 728 (Fla. 4th DCA 1998).
Smith also argues, correctly, that the court erred by imposing 80 victim injury points for sexual penetration under section 921.0014(1), Florida Statutes (1995), which, at the time Smith committed the offense, allowed for only a 40-point assessment for such act. However, Smith did not move to correct this error timely below, and only raises it now for the first time. Because the existing sentence does not exceed the statutory maximum, and, in any event, would fall within the guidelines had the scoresheet been properly computed, it is not illegal. We find, therefore, that he did not preserve this error for review. See Callins v. State, 698 So.2d 883 (Fla. 4th DCA 1997).
AFFIRMED.
GROSS and TAYLOR, JJ., concur.

. His co-defendant, Lawrence Carara, has an appeal pending before this court under case no. 97-1884.

. The information actually charged him with indecent assault, which is an act defined by section 794.01 l(l)(h), Florida Statutes (1995), as sexual battery.