ANTOON, J.
Danny Brandon appeals the judgments and sentences entered by the trial court after the jury found him guilty of committing the crimes of attempted armed carjacking, felony causing bodily injury, armed carjacking, assault, and possession of a firearm by a con- *1011 vieted felon.[1] We affirm.
Two of Mr. Brandon’s accomplices testified at trial on behalf of the state. During cross-examination, defense counsel attacked the accomplices’ credibility by establishing that they had been charged with the same offenses for which Mr. Brandon was being tried. Defense counsel also elicited testimony that the accomplices were facing possible terms of life imprisonment if found guilty of the charges.
Thereafter, during final argument both the prosecutor and defense counsel referred to Mr. Brandon’s possible sentence if convicted. First, the prosecutor informed the jury that Mr. Brandon faced life imprisonment, stating: “Well, if [the accomplices] are facing life sentences, certainly [Mr. Brandon] is in the same boat.” The trial court overruled defense counsel’s objection to the statement. Defense counsel later reminded the jury that Mr. Brandon’s accomplices were charged with the same crimes as he was and then argued that their testimony was untrustworthy because they were required to testify in order to satisfy the terms of their plea agreements.
On appeal, Mr. Brandon correctly argues that, except in death penalty cases, it is improper to inform the jury of the possible penalties for the defendant’s crime. See Nixon v. State, 572 So.2d 1336, 1345 (Fla.1990), cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991). Such information is improper because, except in death penalty eases, the jury does not recommend a sentence. See id. Thus, the prosecutor’s comment made during closing that Mr. Brandon could be sentenced to life imprisonment was improper. See id.
However, by the time the prosecutor made the improper comment, the “cat was already out of the bag.” Defense counsel had already advised the jury of the possible penalties facing Mr. Brandon should he be convicted of the crimes charged when he cross-examined Mr. Brandon’s accomplices. As a result, the prosecutor’s improper closing argument was harmless. See Johnson v. State, 670 So.2d 1121 (Fla. 5th DCA 1996).
JUDGMENTS and SENTENCES AFFIRMED.
GRIFFIN, C. J., and THOMPSON, J., concur.

. See §§ 812.133, 777.04, 782.051, 784.011, 790.23, Fla.Stat. (1997).