WELLS, Judge.
E.M. appeals from a delinquency adjudication which for the following reasons we reverse and remand for a new trial.
E.M. was charged with possession of marijuana. At the adjudicatory hearing, Miami Police Sergeant Misrael Reyes, Supervisor of the Little Havana Problem Solving Team, described his encounter with E.M. as follows:
[SGT. REYES]: I was driving southbound on Southwest Ten Avenue, about Third Street, and that’s what we call a hot area, hot spots for narcotics. Southwest Ten Avenue and Fourth Street—
[DEFENSE COUNSEL]: Objection, relevance. Move to strike.
JUDGE PRESCOTT: Overruled.
[SGT. REYES]: I was driving southbound on Ten Avenue, 329 Southwest Ten Avenue was a location that we had checked the prior week for narcotics and guns, involving gang members.
[DEFENSE COUNSEL]: Objection, relevance. Move to strike.
JUDGE PRESCOTT: Overruled.
[SGT. REYES]: Involving the gang, Wylo.
So it called my attention to that location as I was driving I see a car parked with the Respondent standing on the outside of the car, on the east side of Ten Avenue, facing northbound.
The Respondent was outside the car talking to someone inside the car, on the driver’s side.
At first my attention was not so much to the Respondent, but to who I saw on the passenger seat of the car. It was the subject that we had dealt with a couple of weeks, a week or two prior to it.
[DEFENSE COUNSEL]: Objection, relevance. Move to strike.
JUDGE PRESCOTT: Overruled.
(Emphasis added).
Sergeant Reyes next testified that he stopped his car and went to talk to the passenger. As he walked in front of the car, the sergeant noticed E.M. moving his hand toward the “windshield area” of the car and then “saw [E.M.’s] hand open, and a marijuana cigarette roll[] down to the end of the windshield into that little crevice there.” Reyes testified that, based on the appearance and odor of the substance contained in the cigarette, the substance was marijuana. E.M. was adjudicated delinquent and committed to the Department of Juvenile Justice.
E.M., pointing to numerous authorities, argues here that it was error to overrule his objections to the officer’s characterization of the area where he was spotted as being “a hot area, hot spot[ ] for narcotics” and “a location that we had checked the prior week for narcotics.” See State v. Johnson, 575 So.2d 1292 (Fla.1991); Gillion v. State, 573 So.2d 810 (Fla.1991); Fleurimond v. State, 10 So.3d 1140 (Fla. 3d DCA 2009); Lowder v. State, 589 So.2d 933 (Fla. 3d DCA 1991). We agree. As we observed in Fleurimond, 10 So.3d at 1145, “Florida law disapproves references to the area in which a defendant is observed as a location known to be a place *1257 where drugs are sold because such evidence is irrelevant to the issue of guilt.” See Johnson, 575 So.2d at 1292; Gillion, 573 So.2d at 811.[1]
While the State agrees that the comments at issue were improper, it nonetheless argues that because a non-jury bench trial was involved, this court may presume that the trial court disregarded this inadmissible evidence in making its determination. We cannot agree. Where, as here, the court below admits improper evidence over objection and then fails to state on the record that it is not relying on that erroneously admitted evidence in making its determination, this court may not presume that such evidence was disregarded:
When an appellate court is reviewing a bench trial, it should presume that the trial court judge rested its judgment on admissible evidence and disregarded inadmissible evidence, unless the record demonstrates that the presumption is rebutted through a specific finding of admissibility or another statement that demonstrates the trial court relied on the inadmissible evidence. When improper evidence is admitted over objection in this context, the trial court must make an express statement on the record that the erroneously admitted evidence did not contribute to the final determination. Otherwise, the appellate court cannot presume the trial court disregarded evidence that was specifically admitted as proper.
Petion v. State, 48 So.3d 726, 737-38 (Fla.2010).
Since the State admits that Sergeant Reyes’ statements regarding the neighborhood in which E.M. was arrested were improperly admitted, and because there is no statement on the record that this testimony was not considered by the court in adjudicating E.M.’s guilt, we cannot presume that these highly prejudicial and improper statements played no part in the trial court’s guilt determination.
We certainly cannot conclude that Sergeant Reyes’ statements were inconsequential or that no reasonable possibility exists that these statements had no effect on the final judgment. See Petion, 48 So.3d 737-38 (“[T]he addition, the appellate court still must conduct a harmless error analysis to determine whether there is a reasonable possibility that the challenged error affected the final judgment. This harmless error analysis is necessary to prevent reversals based on the admis *1258 sion of inconsequential or immaterial evidence, which can sometimes occur during a bench trial for the purposes of expediency and conservation of judicial resources.”). To the contrary, the totality of the evidence regarding the possession charge was Sergeant Reyes’ observation of a “cigarette,” which to him had the appearance and smell of marijuana, falling from E.M.’s hand onto a car windshield. On this record, we cannot say that Sergeant Reyes’ testimony that he observed this while in a narcotics hot spot recently checked for narcotics, guns, and gangs played no part in the ultimate determination. We therefore reverse the adjudication of guilt rendered below and remand for a new trial before another judge.
Reversed and remanded.

. Johnson, 670 So.2d at 1121, 1123 (Fla. 5th DCA 1996), addresses the analysis that has been employed:
[T]he question of whether a statement that a transaction took place in a "high drug area” is unduly prejudicial to a defendant depends on the facts and circumstances associated with each case. Black v. State, 578 So.2d 1102 (Fla.1991); Gillion v. State, 573 So.2d 810 (Fla.1991); Jefferson v. State, 560 So.2d 1374 (Fla. 5th DCA), review denied, 574 So.2d 141 (Fla.1990). Reversible error has been found where such references become a feature of the trial and are highlighted in closing argument. Gillion; Beneby. Courts also consider whether the testimony is being offered to establish a chain of events or whether it is being offered solely to establish bad character or propensity. Dorsey v. State, 639 So.2d 158 (Fla. 1st DCA 1994). Such references are also considered by some courts to be less harmful in those cases in which the defendant denies being present during the transaction, since under these circumstances the defendant is less likely to be convicted through "guilt by association.” See Davis v. State, 562 So.2d 443 (Fla. 2d DCA 1990). Where an "isolated characterization of a neighborhood was a brief comment and was not repeated in the remaining testimony or mentioned in closing,” the error has been considered harmless and deemed insufficient to provide a basis for reversal on appeal. Davis, 562 So.2d at 444.