DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANARD RANDRELL GREEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-1869

[March 18, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 2011CF007929AXX.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Chanard R. Green appeals his convictions for sale of cocaine and trafficking in 28 grams or more of cocaine. Appellant argues that the trial court erred by (1) permitting law enforcement officers to testify that he was arrested in a high crime neighborhood, (2) denying his motion to dismiss on grounds of objective entrapment, and (3) allowing the State to introduce hearsay testimony that improperly bolstered the testimony of another officer. We affirm on all issues but write to address appellant's argument that the trial court erred in permitting law enforcement officers to testify that he was arrested in a high crime neighborhood.

A multi-agency task force set up a storefront called Crossbones in the Westgate neighborhood of Palm Beach County. Law enforcement officers worked in the store selling clothing, CDs, DVDs, and tobacco products at discounted prices. If a customer held himself out to be a drug dealer or to have access to firearms, the agents would "probe a little bit further" to see if the customer would return to the store with the drugs or firearms that he claimed to have.

Appellant assisted another man in negotiating the sale of crack cocaine to an undercover special agent for the Bureau of Alcohol, Tobacco, Firearm and Explosives (ATF), who worked as the store manager. The sale was captured on video and shortly thereafter appellant was arrested.

During opening statements, the prosecutor explained that the multi-agency operation used statistics to identify and concentrate on high crime areas in Palm Beach County; Westgate was one of those areas. Defense counsel did not object to these comments. Defense counsel also addressed this issue in his opening statement, asserting: "I believe you'll hear in evidence they specifically chose a minority area in one of the worst economies since the great depression. . . . They undersold every store in the neighborhood. . . . They did everything in their effort to lure people in to sell or take part in crime with them and arrested . . . large amounts of people in this area."

A deputy sheriff worked in the back room of the store monitoring activities captured on the store's video surveillance. The prosecutor asked the deputy if in recent years special efforts have been made to reduce crime in the Westgate area. Defense counsel made a relevancy objection and the court overruled the objection. The deputy responded in the affirmative.

The ATF special agent, who worked as the store manager, testified that the bureau began the operation to address violent crime, specifically the high rate of narcotics and firearms activity in Palm Beach County. The multi-agency task force used crime mapping statistics to identify the Westgate neighborhood as one of those high crime areas. When asked about the discount price of the goods, he explained that the merchandise was priced at a discount to give customers the impression that it came from an illegitimate source.

At the close of the state's case, defense counsel filed a motion to dismiss on the grounds of objective entrapment. Defense counsel argued that by opening a store in a lower socioeconomic neighborhood and selling goods below market cost, law enforcement enticed customers to engage in criminal activity. The trial court denied the motion to dismiss.

The jury found appellant guilty on both counts. He was sentenced to eight years in prison with a three-year mandatory minimum on the trafficking charge.

Appellant argues that the trial court erred by permitting the law enforcement officers to describe the neighborhood where they set up the storefront as a high crime area. According to appellant, such testimony

2

was irrelevant and presumptively harmful as it linked appellant to violent crime and implied his guilt by association with violent criminals.

As a preliminary matter, the state argues that appellant failed to preserve his undue prejudice argument for appeal by making only a relevancy objection at trial. *See Datus v. State*, 126 So. 3d 363, 365 (Fla. 4th DCA 2013) ("an objection on relevance grounds *only* will not preserve an argument of unfair prejudice on appeal."). Although the issue of undue prejudice was not preserved, the issue of relevancy of testimony about the neighborhood's high-crime reputation was preserved for appellate review. *See id.* at 366.

"In Florida, evidence that a criminal defendant was arrested in a high crime area is generally inadmissible [because] [s]uch evidence is usually considered irrelevant to the issue of guilt and unduly prejudicial because of its tendency to establish guilt by association." *Latimore v. State*, 819 So. 2d 956, 958 (Fla. 4th DCA 2002) (citing *Johnson v. State*, 559 So. 2d 729 (Fla. 4th DCA 1990), and *Beneby v. State*, 354 So. 2d 98 (Fla. 4th DCA 1978)). However, in *Gillion v. State*, 573 So. 2d 810, 811 (Fla. 1991), the Florida Supreme Court held that testimony identifying the location of a defendant's arrest as a high-crime area may not always result in reversal. Whether such testimony is irrelevant and unduly prejudicial depends upon the facts of each case. *Id.* at 812.

Here, when the state first raised the neighborhood's reputation for criminal activity in its opening statement, defense counsel failed to object. Then, after defense counsel raised the issue of objective entrapment in his opening statement, the prosecutor elicited testimony from the deputy sheriff and the ATF special agent regarding their reasons for setting up the undercover operation in the Westgate neighborhood. This was properly done in anticipation of the defendant's theory of the case. *See Bell v. State*, 965 So. 2d 48, 56-57 (Fla. 2007) (finding that the prosecutor was entitled to anticipate and mitigate the impact of negative testimony that may be revealed on cross-examination).

The state contends, and we agree, that testimony regarding the high crime character of the neighborhood was relevant and admissible to refute appellant's objective entrapment defense that the storefront was set up simply to target and prey upon the low-income residents of the neighborhood. Accordingly, we affirm.

*Affirmed*

WARNER and KLINGENSMITH, JJ., concur.

3

*       *       *

*Not final until disposition of timely filed motion for rehearing.*